UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MATTHEW S. LEHMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 1:08-CV-87 |
| | ) |
| WILLIAM K. THOMAS | ) |
| A/K/A KELLY THOMAS, et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER DENYING APPROVAL
OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 28.) As the proposed order contains a major defect, it will be DENIED.

The order's definition of "confidential information" is impermissibly broad. It provides that "[a]ll information, documents, and things produced by Defendant (which relate to the above-referenced matters concerning William Thomas and the Fort Wayne Police Department) shall be considered 'confidential information'." (Proposed Stipulated Protective Order ¶ 1.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). However, the protective order submitted by the parties, which extends beyond the discovery phase of the proceedings, provides no basis for finding good cause. Instead, the order contains an expansive definition of confidential information lacking in necessary specifics, and the order fails to state with any particularity why these materials are confidential. *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) ("[M]erely asserting that a disclosure of the information 'could' harm a litigant's

competitive position is insufficient; the motion must explain how." (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002))).

Furthermore, the proposed order endeavors to cause documents containing confidential information to be filed entirely under seal, rather than solely protecting the actual confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). Indeed, if the Court were to approve this order, the parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal." *Id*. at 944. The Seventh Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2; *see generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding."). Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

2

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties. (Docket # 28.) SO ORDERED.

Enter for this 8th day of December, 2008.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge